Bruce H. Nagel
Randee M. Matloff
**NAGEL RICE, LLP**
103 Eisenhower Parkway
Roseland, New Jersey 07068
973-618-0400
bnagel@nagelrice.com
rmatloff@nagelrice.com

**MICHAEL S. KASANOFF**
157 Broad Street, Suite 321
P.O. Box 8175
Red Bank, New Jersey 07701
732-747-5348
mkasanoff@att.net

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT N. DURSO<br><br>Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-vs-<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff, by his attorneys, Nagel Rice LLP, and Michael S. Kasanoff, on behalf of himself and all others similarly situated, make the following allegations on personal knowledge and information and belief:

## I.   IDENTIFICATION OF PARTIES
<u>(Local Rule 10.1)</u>

1.      The names and addresses of the named parties to this action are (i) Robert N. Durso, 29 Willow Lake Drive, Colts Neck, New Jersey 07722-1565 and (ii) Samsung Electronics

America, Inc., a corporation of the State of New York, with a principal place of business at 85 Challenger Road, Ridgefield Park New Jersey 07669.

## II.    THE NATURE OF THE ACTION

2.    Plaintiff brings this action for actual damages, equitable relief, including restitution, injunctive relief, and disgorgement of profits, and all other relief available on behalf of himself and all similarly-situated individuals and entities (the "Class" or "Class Members") who own or have owned Washers sold by the Defendant, Samsung Electronics America, Inc. ("Samsung" or "Defendant") containing numerous Defects, including but not limited to, the inability of the Washer to spin and drain properly and not wash large items despite the claim that the washer has a "super capacity", the failure of the clothes to come out properly cleaned, the frequent display of "error messages" to the user, frequent mildew smells within the washer and on the clothes that were just washed, frequent instances of premature failure of the pump, the collection of "pot metal" in the hose, and the premature disintegration of the rubber inside the washer resulting in leaks and damage to clothing. The complaints also contend that the Washers require numerous service calls, and repairs, which frequently fail to correct the Defect. Upon information and belief, these Defect exists in the Samsung Front load Washers, including, but not limited to model numbers WF331ANW, WF1124XAU, WF328AAW, WF209ANWXAA, WF218ANWXAC,(the "Washers").

3.    All of the claims asserted herein arise out of Samsung's design, manufacture, warranting, advertising and selling of the Washers.

4.    Upon information and belief, Samsung began designing, manufacturing, warranting, marketing, advertising and selling the Washers to thousands of consumers throughout the United States, in or around 2004, but possibly even earlier.

2

5.  The Washers are designed and manufactured with a design defect that cause the Washers to fail to perform their essential function, require time consuming and costly repairs, cause damage to the clothes being washed and the surroundings due to leaks.

6.  Samsung knew, or was reckless in not knowing, at or before the time it sold the first unit, that the Washers contained Defects and would fail prematurely due to the Defects. Samsung had sole and exclusive possession of this knowledge.

7.  Notwithstanding this knowledge, Samsung made uniform and material misrepresentations and uniformly concealed material information in its marketing, advertising, and sale of the Washers, which Samsung knew to be defective, both at the time of sale and on an ongoing basis.

8.  At all times, in every communication, Samsung made uniform written misrepresentations to and/or uniformly concealed from Plaintiff and everyone in the chain of distribution the Defect in Plaintiff's Washer, and failed to remove Plaintiff' Washer from the marketplace or take adequate remedial action. Instead, Samsung sold and serviced Plaintiffs' Washers even though it knew, or was reckless in not knowing, that the Washers were defectively designed, would fail prematurely, and would ultimately result in Plaintiffs' inability to use their Washers, for its intended purpose during the time Plaintiffs reasonably expected they would have use of the Washers.

9.  The Washers have in fact failed prematurely, whether within or outside of applicable warranty periods.

10.  As a consequence of Samsung's false and misleading statements and active and ongoing concealment of the Defect, Plaintiffs and the Class Members purchased and currently own defective Washers and have incurred damages.

11.  Plaintiffs assert claims on behalf of themselves and the Class Members under the

3

New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, *et seq*. (the "CFA"). Plaintiffs also assert claims on behalf of themselves and the Class for fraudulent concealment/nondisclosure, breach of implied and express warranties, and negligent misrepresentation under New Jersey law.

12.     Plaintiffs seek actual damages, injunctive relief, restitution and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and all other relief available to the Class.

### III.     PARTIES

13.     Plaintiff Robert N. Durso ("Durso") is an individual residing in Colts Neck, New Jersey. On November 8, 2011, he purchased a new Samsung Front Load Washer (model number WF331ANW) from P.C. Richard & Son in Eatontown, New Jersey for $549.97 plus tax and other charges.

14.     At all times, Durso followed the use and care instructions that were included with his Washer.

15.     The advertising for the Washer and the Washer User Manual provided at the time of purchase provide that the Washer is "Super Capacity" and indicates that "Samsung's extra-large capacity laundry machine can wash a full set of your bedding, a king-size comforter, or up to 26 bath towels in a single load."

16.     Plaintiff Durso attempted to wash a king size comforter and the Washer would not spin properly.

17.     Plaintiff Durso complained to Samsung concerning this Defects and spoke to a Samsung executive, Ms. Gatsch, on the phone at 1-888-580-5675. Two service visits were made to Durso's residence and the technician concluded that the unit was properly installed but could not spin properly when a king-size comforter was being washed.

18.     To this date, Durso's Washer does not function as represented.

19.     On or about June 22, 2012, Durso contacted the undersigned counsel.

20.     Samsung is incorporated in New York and has its principal place of business in Ridgefield Park, New Jersey.

## IV. JURISDICTION AND VENUE

21.     This court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because at least one class member is of diverse citizenship from the Defendant, a corporation incorporated in the State of New York; there are more than 100 class members nationwide; and the aggregate amount in controversy exceeds $5,000,000.

22.     The court has personal jurisdiction over the parties because of Samsung's many and important contacts with the State of New Jersey. Defendant has an office and conducts substantial business in New Jersey, has had systematic and continuous contacts with New Jersey, promotes its products in New Jersey, puts its Washers into the stream of commerce in New Jersey and has agents and representatives that can be found in New Jersey.

23.     Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred out of this District, and Samsung's conduct has injured Class Members residing in this District. Samsung transacts business and maintains a principal place of business within this District. Accordingly, this court has jurisdiction over this action and venue is proper in this Judicial District.

24.     The Federal Courthouse located in Newark, New Jersey is the proper vicinage for this matter because Samsung has its principal place of business in Ridgefield Park, New Jersey.

## V.     FACTUAL BACKGROUND

25.     Samsung is one of the world's leading manufacturers of Washers and other appliances. Samsung has designed, manufactured, warranted, marketed, advertised and sold

several product lines of Washers through major retail stores such as P.C. Richards, Sears, Best Buy and Lowes to consumers throughout the United States.

26.     On information and belief, Samsung uniformly markets its Washers as highly-rated, top-of the-line appliances.  For example, Samsung describes the Washer purchased by Durso as follows:

> With this super capacity washer you can wash fewer loads, saving you water and electricity. Wash bath towels in a single load, freeing up time for the more important things in life.
>
> Steam helps power out stubborn stains like grease and ground-in dirt without the need for pre-treatment.
>
> Samsung's Vibration Reduction Technology (VRT) provides smooth operation at high spin speeds, significantly reducing vibration and noise while improving the handling of unbalanced loads. This allows for installation on second floors or near bedrooms.
>
> http://www.samsung.com/us/appliances/washers-dryers/WF331ANW/XAA

Consequently, consumers are willing to pay more for Samsung products than those offered by competitors, even when those products have similar features and consumers have come to expect that Samsung brand products will be of high quality, durable and reliable

27.     The Washers fail to perform as advertised, because they cannot accommodate large sized loads as promised, fail to clean clothes and remove stains as promised, frequently display "error messages" to the user, leave mildew smells within the washer and on the clothes that were just washed, have frequent instances of premature failure of the pump, the collection of "pot metal" in the hose, and the premature disintegration of the rubber inside the washer resulting in leaks and damage to clothing

28.     The Defects render the Washer unusable because they (1) fail to properly clean the clothes,  (2) leak water in and around the Washer causing damage to the surrounding area and (3) require continuous costly and inconvenient repairs.

29. Samsung failed to adequately design, manufacture, and/or test the Washers to ensure they were free from defects at the time of sale.

30. At all relevant times, Plaintiffs have used their Washers in a foreseeable manner and in the manner in which they were intended to be used.

31. The Defects, which manifests during the expected useful life of the Washers, both within and outside applicable warranty periods, is substantially likely to prevent the Washers from performing their essential function, making it impossible for Plaintiffs to use their Washers as intended during its expected useful life.

32. The Defect rendered the Washers unfit for the ordinary purpose for which washers are sold at the time they were sold to Plaintiffs and members of the Class.

33. The Defect has necessitated and will continue to necessitate replacement of and/or costly repairs to the Washers.

34. The Washers have uniform design defects.

**Plaintiffs' Reasonable Expectations**

35. In purchasing the Washers, Plaintiffs legitimately expected them to operate in accordance with all of its intended purposes.

36. Upon information and belief, consumers reasonably expect that Washers will function properly for at least 10 years. According to the Association of Home Appliance Manufacturers (AHAM), the average lifespan for a top-loading washing machine is 14 years, while front-loaders last an average of 11 years.

37. Plaintiffs and the Class Members reasonably expected the Washers to effectively clean clothes, including large loads, and not result in mildew and leaks, or break down continuously during the Washers' expected useful lives.

38.     Plaintiffs and the Class Members reasonably expected Samsung to disclose the existence of defects that were known to Samsung at the time of sale.

39.     Because of the Defects, Plaintiffs' Washers failed during their expected useful life, within or outside applicable warranty periods.

40.     As a result of the Defect alleged herein, Plaintiffs have experienced failure of their Washers, did not get what they paid for, and have incurred actual damages.

**Defendant's Awareness of the Defects**

41.     Before it sold the Washers, Samsung knew, or was reckless in not knowing, that the Washers contained defects including but not limited to, the inability of the Washer to spin and drain properly and not wash large items despite the claim that the washer has a "super capacity", the failure of the clothes to come out properly cleaned, the frequent display of "error messages" to the user, frequent mildew smells within the washer and on the clothes that were just washed, frequent instances of premature failure of the pump, the collection of "pot metal" in the hose, and the premature disintegration of the rubber inside the washer resulting in leaks and damage to clothing.

42.     Samsung did not implement a plan to properly address the Defects and instead manufactured and sold subsequent models that contained the same Defects.

43.     Samsung customers have notified and complained to Samsung that their Washers were not performing as promised and were defective.

44.     Upon information and belief, the Defects were a known issue to Samsung at or about the time it began distributing Washers with the components containing the Defect.

45.     Consumers, including Plaintiffs, have complained repeatedly to Samsung about this Defect, but Samsung refuses to properly address and rectify the problem and has failed and

refused to reimburse customers for damaged clothes or surroundings or repairs, citing expired warranty periods.

46.    Samsung was or should have been aware at the time it sold the Washers that many purchasers had complained they were defective because many individuals posted their dissatisfaction on Samsungs own website. For example, the following negative posts were discovered on the Samsung website in reviewing the Washer model purchased by Durso:

Posted January 16, 2012

So far so good- washes well. Some concerns about larger loads not being spun. We've seen two loads now that were soaking wet at the end of their cycle. Not sure if there is a problem with he washer or if heavy loads affect spinning. Time will tell.

Posted May 7, 2012

Time estimate for a cycle has always been wrong. Just stopped spinning after 6 months of light use by 2 people.

Cons: Did not meet expectations

Posted January 8, 2012

If you want to beat the life out of your clothes and have excessive fade of clothing then this is the washer for you. We have washed on normal and heavy duty with OK cleaning results...the only problem is cottons show pilling, colors have fade and overall clothes look beaten-up. We use delicate cycle for everything now and this corrects those problems (we live with this because we only used one cycle on our previous washer). Still leaves us with one problem - wetter than normal clothes. We are not first time frontload washer owners and did not expect this problem. We would recommend looking for another washer.

Posted October 25, 2011

the washer has a mildew/stale smell that i can't get rid of, and is making my clothes smell as well. The delicate cycle doesn't work well at all, both the washer and dryer are very loud.

Posted July 28, 2012

I have owed this 330 model washing machine for 4 months. In that time the spin cycle has repeatedly failed. Many times, after continuous 'spins' and rebalances the machine will abruptly stop with the clothes still sopping wet. There is no fix to this. The problem is supposedly user error. I have done all I could to make the machine operate as it should. When a machine fails to perform as expected, the user should not have to accept the shoddy product. My greatest concern on an energy efficient machine that uses extra water and spin cycles to complete is the savings...where is it? How much extra water is used to continue to balance a load? How much electricity to tumble the clothes in excess of 30 minutes every load cycle? This machine is not acceptable!!!!!

Posted December 20, 2011

Had the WF331ANW washer delivered a couple days ago and from the first load it has taken forever to go through the spin cycle. Today it has been stuck on 10 minutes "spin" for over 2 hours. I checked that the installers leveled the machine and that looks fine. Very frustrating. Given the features, this SHOULD be a good washer. However this problem gives it a poor overall rating. I will call Samsung to try and sort out the problem but I am not hopeful based upon other posts I discovered after I made this purchase.

47.     In addition, numerous complaints have been posted regarding Samsung Washers

on the internet. Some examples posted on

www.consumeraffairs.com/homeowners/samsung_washer.html are as follows:

My name is Dr. Hard ""*, consultant of cardiology and owner of Sheraton specialized hospital. I bought a washing machine on the 15th of October 2011 from Samsung Gitystars Cairo (Model wf1124zau/ serial: y3v154ab700r2ea). Since the above date, the washing machine was not working well giving messages like: e3 error and call for service. We called the call center 16690 and they provided us twice with a technician. But, since last week, the washing machine is not spinning and for a cycle taking 50 minutes, it took 5 hours. Again we contacted yesterday the call service and we explained to them the situation but no response until now and they did not send a technician. We appreciate if you can help us in this issue since we buy all Samsung products TV/mobiles and we are really angry about the service. We think that there is a defect about this washing machine. I appreciate your prompt feedback.
Sandra of Bow, NH on Feb. 22, 2012 *Satisfaction Rating:*

I purchased the Samsung front loader WF209anwxaa just two years ago after my

t

hree year old Kenmore front loader drum shredded into pieces and the repair estimates to fix it were outrageous. I thought it would be better to just purchase a new machine and decided on the Samsung. Big mistake. Just about two years to the day of purchase I started noticing puddles of water on the floor from the washer. It seems to be getting behind the rubber that surrounds the drum near the front door, and drips down behind the front panel of the washer. When I pull aside the rubber near the drum I can see black mold forming. This flooding issue should not be happening with a 2 year old machine and a washer should be made to hold water not leak it! Luckily the machine is in my basement, but I am now dealing with water coming out of my washing machine with every load and potential for mold and mildew build up. So frustrating to have purchased another washer that is also a piece of junk. I have to wonder who approves the sales of washing machines these days to the public when so many people are having issues with their purchase.

I called Samsung and they of course told me the machine was not under warranty. She gave me only one number of a repair company, which I thought was odd. I gave her my zip code but she gave me a phone number for New Jersey!! I told the woman that this company was not near me but she insisted that it was. So much for their help. After reading the other complaints about Samsung products, I am thinking I should just junk this machine as well rather than spending hundreds more on repairs. It would have cost me less to just go to the Laundromat once a week. I don't even use the washer all that much, maybe once or twice a week tops. Just ridiculous. Also, it is disgusting to see the mildew junk that builds up under the detergent drawer as well as around the filter. Very disappointed in this Samsung product and disappointed that! purchased this product and am now looking at replacing it after just two years.

Tammy of Chandler, az on Feb. 13, 2012*Satisfaction Rating:*

I purchased new Samsung Washer & Dryer at Sears on August 28, 2011. On February 11, 2012, the machine stops working. It comes up with drain errors (ad). I have a full load of clothes in the machine. I called Samsung on Saturday, February ft, 2012. They tried to get the water drained but these particular machines don't have just a spin cycle. Wow! I spent $2,00043.00 dollars on machines with no way of getting the water out of machines that failed after 5 months. In any case, they were to have a Canyon State call me. . . .

Janet of Valkaria, FL on Feb. 4, 2012*Satisfaction Rating:*

My 3.5 year old washer with a 4-year extended warranty, through Lowes/New Hampshire Insurance, stopped working. It is the exact same problem that Rob the previous poster had. Pot metal in pump, Samsung won't do anything, the insurance company won't do anything, the repairman they sent didn't even open the machine.

We bought a new machine made in the USA but I'm not going away on this issue. We took the washer apart and the tripod that holds the inner tub is disintegrating.

This is some sort of cheap pot metal problem. Samsung should be ashamed and they should recall every washer with this flaw before someone is hurt when the drum turns loose. Someone mentioned that theft washer blew out of the side of the cabinet. Rob, if you read this please contact me. I have pictures of the inside of our washer as we took it apart,

Rod of Danvers, IL on Jan. 31, 2012*Satisfaction Rating:*

We purchased a Samsung front loading washer and dryer which were delivered two years ago this month. The washer is a WF 328. During the rinse cycle, we had a ND-not draining warning and noticed that the water in the tub was not draining. After reading the manual, we were able to get the machine to drain. Unfortunately, this happened again, and we had to call for Samsung service (of course slightly after the warranty expired, 13 months after the purchase,11 months after the delivery and installation).

During the repair call, the technician found what he called "pot metal" in the hose leading to the pump, and the pump had burned out. Once the replacement pump was installed, things went well for one month. We again got the ND warning, and immediately called service. The technician again found "pot metal" in the hose connected to the pump. He showed us how to remove the back and the hose to check for the "pot metal" in the future. Over the past 6 months, we have had to perform this task four additional times. We now have approximately 12 inches of this "pot metal" attached to our Samsung owner's manual on the warranty page. Given some of the discussions, it appears that this is a design flaw that Samsung needs to remedy.

Rebecca of Hodges, AL on Jan. 16, 2012

Samsung front loaders do not wash my clothes clean. My whites have never looked dirty after washing them as they do now and the stains are still in them. My white blouses are now yellow.! have changed detergents and *still* my clothes are not clean. I have always been praised about how clean and white my clothes looked. Plus my washing machine becomes off balance a lot. I will never buy another front loader.

Tom of Laguna Niguel, CA on Jan. 16, 2012*Satisfaction Rating:*

My Samsung washer has been repaired three times, because it was not spinning, and they now want me to pay for it.

Rich of San angelo, TX on Jan. 16, 2012*Satisfaction Rating:*

I bought a new set of Samsung VRT washer and dryer at Lowe's based on the salesman's recommendation. The washer worked great for six months but it's now flashing error messages. The repairman thinks that the pump is bad but it will still drain on empty load. I am not sure what difference a load of clothes makes but its

extremely inconvenient and inexcusable for a relatively new item. I hope it gets fixed the first time but reading this page makes me think otherwise. I should have gone with Whirlpool.

Diane of Charlotte, NC on Jan. 6, 2012 *Satisfaction Rating:*

Long story short, I spent the extra money on the then top-of-the-line super VET steam Samsung front-load washing machine, with the expectation that I would get truly clean clothes for many years to come. I started out rewashing at least 4096 of everything that came out of the machine. Spots and marks were all over the place (and I am a real spot stain remover junkie).

Then I noticed bleach marks on many items from loads that I did not put bleach in. The last but most costly thing is that the rubber "boot" or "collar" ripped early on and is now tipping holes in at least 50% of my clothes!! have been so mad that! seriously considered spending the money to mark and box up all of the clothing and bedding that had been damaged by this piece of crap that we bought and shipping it off to the CEO of Samsung.

Jodi of Spring, TX on Jan. I., 2012 *Satisfaction Rating:*

The washer shows error messages constantly. The tinier is not working and will not put through cold water. It does not spin properly, basically everything you see on this page. It takes three hours to do a short wash, It appears from several websites that Samsung and Best Buy have been made aware of this problem, and to date are doing nothing. Yet, these machines are continuing to be sold in the retail arena. Several people are taking class action. Any takers?

Rebecca of Chico, CA on Nov. 6, 2011 *Satisfaction Rating:*

After owning my WF218ANW washer less than 3 years and using it for about 3 loads a week, I put in a load of laundry and the washer quit working. So my clothes were stuck in there because the door was locked, and the washer wouldn't turn on.

We called the Samsung 800 number and my husband went through the troubleshooting steps. The call ended with the CSR telling him to call a repair man because we didn't buy the extended warranty so there was nothing they could do. But it *was* 5:00 and my wet clothes were stuck in the washer. I called back and asked for the name of a repair company in my area. They said that there wasn't one and it would take them 24 to 48 hours to find one for me. I asked if they were going to buy me new clothes since these would be ruined in 48 hours. The CSR said, "I'm sorry ma'am, there's nothing I can do."

I called a repair mall the next day and after paying him $66.00 just to diagnose the problem, I was told that my whole control board is broken. lie also said that this shouldn't happen to a washer that isn't even 3 years old. A new controlboard is

going to cost $360 and will take 7 to 10 days to get here. Now I have to decide whether to fix the washer that I am terribly unhappy with or spend more money to totally replace it. I spoke to three appliance repair shops and all of them said Samsung is difficult to deal with.

Samsung obviously does not stand behind their products and after this experience, I will never be buying a Samsung product again.

Terry of Lenoir City, TN on Sept. 14, 2011*Satisfaction Rating:*

I purchased a Samsung Front Loading Washer and Dryer several months ago. I have followed all instruction and guidelines, and run all of the cycles and used all types of deodorizing products, detergents and fabric softeners, but my clothes never smell good. In fact, they often smell sour even if removed as soon as the washing cycle is completed.

Cassie of North Poke AK on Aug. 31, 2011*Satisfaction Rating:*

I purchased a Samsung front load washer and dryer 1 year ago. The washer was very loud when filled with clothes. After about 6 months, I noticed that the part of the rubber inside was coming off and leaving pieces in wash, Then a couple months later, the washer started tearing clothes. And the washer would stop in the middle of wash and start beeping. I had to restart wash to get the washer finish soaking wet clothes, In the process of calling a repair technician, we did purchase the 3-year warranty

48.     For those Washers that have failed within the applicable warranty period, Samsung has provided repairs that do not address the underlying Defect and do nothing to prevent subsequent failure.  Samsung was aware, had reason to know, or was reckless in not knowing that its warranty repairs would not cure or rectify the Defects but would instead merely delay the impact of the Defect which caused reoccurring failures.  By providing such ineffective warranty repairs, Samsung merely postponed the failure of the Washers until after the expiration of applicable warranties.

49.     Samsung knew that the repairs it recommended would not cure the Defects. Nonetheless, it refuses to refund all customers or replace the Washers with ones that function properly.

**Defendant's Omissions and Misrepresentations**

50.     Samsung failed to adequately design, manufacture, and/or test the Washers to ensure that they were free from the Defect, and/or knew, had reason to know, or was reckless in not knowing of the Defect when it uniformly warranted, advertised, marketed and sold the Washers to Plaintiffs and the Class.

51.     Samsung did not disclose to its customers the fact that the Defect existed at the time of sale and that the Defect would render the Washers unable to perform their essential function well before the end of their expected useful lives.  Nor did Samsung disclose that warranty or the recommended post-warranty repairs would not cure or rectify the Defect and would only, at best, briefly delay the impact of the Defect and thereby postpone failure in the Washers.

52.     Instead, in its uniform marketing and advertising, Samsung falsely represented that the Washers were free from defects.  Samsung uniformly markets its Washers as featuring unique patented features such as "VTM"[TM]  Vibration Reduction Technology – "This Samsung washer performs smoothly at top spin speeds, minimizing noise and vibration"; "Super Capacity" –"Samsung's extra-large capacity laundry machine can wash a full set of bedding, a king-size comforter, or up to 26 bath towels in a single load. Since you don't have to do as many loads, you save time, money, water and energy"; and "Deep Steam"- "The deep steam feature boosts cleaning performance and loosens grime and dirt, thus providing superior cleaning results."

53.     Samsung knew that consumers were unaware of the latent defects and that they reasonably expected the Washers to properly clean their clothes rather than destroy them, accommodate large loads and not leak water.  Samsung also knew that customers expected Samsung to disclose a defect that would prevent the Washers from performing their function

15

long before the end of their expected useful lives, and that such disclosure would impact consumers' decision whether to purchase the Washers. Samsung knew and intended for consumers to rely on its material omissions with regard to the Defect when purchasing the Washers.

54. As a result of Samsung's uniform omissions and misrepresentations in its marketing and advertising, Plaintiffs believed that the Washers they purchased would operate without defects, and Plaintiffs purchased a Samsung Washers in reliance on that belief.

55. Samsung's representations that the Washers were free of defects were not true. Samsung knew or was reckless in not knowing when it sold the Washers that the Defect would manifest long before the end of the Washers' expected useful lives, rendering them unable to function properly.

56. Samsung had the capacity to, and did, deceive consumers into believing that they were purchasing Washers that were free from defects and could be used safely and practically to clean clothes in an effective manner.

57. Samsung actively concealed from and/or failed to disclose to Plaintiffs, the Class, and everyone, the true defective nature of the Washers, and failed to remove the Washers from the marketplace or take adequate remedial action. Samsung represented that the Washers were free of defects even though it knew or was reckless in not knowing when it sold the Washers that they contained a defect that would render them unusable. Furthermore, Samsung sold and serviced the Washers even though it knew, or was reckless in not knowing, that they were defective and that Plaintiffs and Class members would be unable to use the Washers for their intended purpose for the duration of their expected useful life.

58. To this day, Samsung continues to misrepresent and/or conceal material information from Plaintiffs, the Class and the public about the Defects in the Washers.

**Fraudulent Concealment**

59. Plaintiffs' claims arise in part out of Samsung's fraudulent concealment of the Defect. To the extent that Plaintiffs' claims arise from Samsung's fraudulent concealment, there is no one document or communication, and no one interaction, upon which Plaintiffs base their claims. They allege that at all relevant times, including specifically at the time they purchased their Washers, Samsung knew, had reason to know, or was reckless in not knowing, of the Defects; Samsung was under a duty to disclose the Defects based upon its exclusive knowledge of it, its representations about its products, and its concealment of the Defect; and Samsung never disclosed the Defect to the Plaintiffs or anyone at any time or place or in any manner.

60. Plaintiffs make the following specific fraud allegations with as much specificity as possible absent access to the information necessarily available only to Samsung:

a. Who: Samsung concealed the Defect from Plaintiffs, the Class, and everyone in the chain of distribution. Plaintiffs are unaware of, and therefore unable to identify, the true names and identities of those individuals at Samsung responsible for such decisions.

b. What: Samsung knew, or had reason to know, at the time it sold the Washers, or was reckless in not knowing, the fact that existing defects in the Washers would cause the Washers to fail to spin and drain properly and not wash large items despite the claim that the washer has a "super capacity", fail to properly clean the clothes and in some instances damage the clothes, display frequent "error messages", produce frequent mildew smells within the washer and on the clothes that were just washed, have frequent instances of premature failure of the pump, the collection of "pot metal" in the hose, and the premature disintegration of the rubber inside the washer resulting in leaks and damage to clothing thereby rendering the Washers unable to perform an essential

purpose before the end of their expected useful lives, within or outside the applicable warranty periods.

c. When: Beginning no later than 2004, Samsung concealed this material information at all times with respect to the Washers, including before the time of sale, on an ongoing basis, and continuing to this day.

d. Where: Samsung concealed this material information in every communication it had with Plaintiffs, the Class, and everyone in the chain of distribution. Plaintiffs are aware of no document, communication, or other place or thing, in which Samsung disclosed this material information to anyone outside of Samsung. Such information appears in no sales documents, no displays, no advertisements, no warranties, no owner's manual, nor on Samsung's website.

e. How: Samsung concealed this material information by not disclosing it to Plaintiffs, the Class, or anyone in the chain of distribution at any time or place or in any manner, even though it knew this information and knew that it would be important to a reasonable consumer, and even though its omissions with regard to the Defect and consequent premature failures of the Washers were contrary to its representations about the Washers.

f. Why: Samsung concealed this material information for the purpose of inducing Plaintiffs and Class members to purchase the defective Washers at full price rather than purchasing competitors' washers or paying Samsung less for the Washers, given their limited utility. Had Samsung disclosed the truth, Plaintiffs (and reasonable consumers) would not have bought the Washer, or would have paid less for them.

## VI. TOLLING

### Discovery Rule

61.     The causes of action alleged herein accrued upon discovery of the defective nature of the Washers.  Because the Defect is latent, and Samsung concealed it, Plaintiffs and members of the Class did not discover and could not have discovered the Defect through reasonable and diligent investigation.  Reasonable and diligent investigation into the cause of the Defect did not and could not reveal a factual basis for a cause of action based on Samsung's concealment of the Defect.

### Fraudulent Concealment

62.     Any applicable statutes of limitation have been tolled by Samsung's knowing and active and ongoing concealment and denial of the facts as alleged herein.  Plaintiffs and the Class have been kept ignorant by Samsung of vital information essential to the pursuit of these claims, without any fault or lack of diligence on their part.  Plaintiffs and members of the Class could not reasonably have discovered the true, latently defective nature of the Washers.

### Estoppel

63.     Samsung was and is under a continuing duty to disclose to the Plaintiffs and the Class the true character, quality, and nature of the Washers.  Samsung knowingly, affirmatively, and actively concealed the true character, quality, and nature of the Washers, and the concealment is ongoing.  Plaintiffs reasonably relied upon Samsung's knowing, affirmative, and/or active and ongoing concealment.  Based on the foregoing, Samsung is estopped from relying on any statutes of limitation in defense of this action.

## VII.    NEW JERSEY'S SUBSTANTIVE LAW APPLIES TO
## THE PROPOSED NATIONWIDE CLASS

64.     Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

65.    New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiffs and the Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution.  New Jersey has significant contact, or significant aggregation of contacts, to the claims asserted by Plaintiffs and all Class Members, as well as to the Defendant whose principal place of business is in New Jersey, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.

66.    The application of New Jersey's laws to each of the claims alleged by the Class is also appropriate under New Jersey's choice of law rules.  In particular, New Jersey law applies to the CFA claim under the most significant relationship test, and New Jersey law applies to the remaining claims under either the most significant relationship test or the government interest test.

67.    New Jersey has significant contacts and/or a significant aggregation of contacts to the claims asserted by Plaintiffs and all Class Members.

68.    Specifically, New Jersey's interest in this case and in regulating conduct under its laws arise from, among other things, the fact that Defendant has a presence in and conducts substantial business in New Jersey and Plaintiffs and other members of the Proposed Class resides and/or purchased the Washers in New Jersey.

## VIII. CLASS ACTION ALLEGATIONS

69.    Plaintiffs bring this action on behalf of himself and all other persons similarly situated, pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure.

70.    The Class that Plaintiffs seeks to represent is defined as follows:  All persons or entities residing in the United States who own, or have owned, Samsung  Washers models WF331ANW, WF1124XAU, WF328AAW, WF209ANWXAA, WF218ANWXAC and/or any other Samsung Washer models containing these Defect.  Excluded from the Class are (a)

Samsung, any entity in which Samsung has a controlling interest, and its legal representatives, officers, directors, employees, assigns, and successors, (b) the United States government and New Jersey agency or instrumentality thereof; (c) the judge to whom this case is assigned and any member of the judge's immediate family; and (d) individuals with claims for personal injury, wrongful death and/or emotional distress.

**Numerosity/Impracticability of Joinder:**

71.     The Proposed Class Members are so numerous that the individual joinder of all its members, in this or any action, is impracticable. The exact number or identification of the members of the proposed Class is presently unknown to Plaintiffs, but it is believed to comprise thousands, if not tens of thousands, of individuals and entities, thereby making joinder impractical.

72.     The proposed Class is composed of an easily ascertainable, self-identifying set of individuals and entities that purchased Samsung Washers with the defects described herein.

**Commonality and Predominance:**

73.     There are common questions of law and fact that predominate over any questions affecting only individual members of the Class. These common legal and factual questions, include, but are not limited to, the following:

a.     Whether Defendant Samsung's Washers were defectively designed, manufactured, marketed, distributed and sold;

b.     When Defendant Samsung first became aware (or should have become aware) that its Washers were defectively designed and/or manufactured;

c.     Whether the existence of the Defect in the Washers is a material fact reasonable purchasers would have considered in deciding whether to purchase a washers;

21

d.      Whether Defendant Samsung knowingly concealed the defective nature of the Washers;

e.      Whether Defendant Samsung intended that consumers be misled;

f.      Whether Defendant Samsung intended that consumers rely on its non-disclosure of the Defect in the Washers;

g.      Whether Defendant Samsung misrepresented the durability and usefulness of the Washers;

h.      Whether, by the misconduct set forth herein, Defendant Samsung violated consumer protection statutes and/or false advertising statutes and/or state deceptive business practice statutes;

i.      Whether the Washers are of merchantable quality;

j.      Whether, by the misconduct set forth herein, Defendant Samsung violated expressed and implied warranty statutes;

k.      Whether, by the misconduct set forth herein, Defendant Samsung violated the common laws of negligent misrepresentation;

l.      Whether Defendant Samsung's false and misleading statements of facts and concealment of material facts regarding the defective Washers were likely to deceive the public;

m.      Whether consumers have suffered an ascertainable loss;

n.      The nature and extent of damages and other remedies entitled to the class members;

o.      Whether Samsung's acts and omissions violated the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, *et seq.*;

**Typicality:**

74.    Plaintiffs' claims are typical of the claims of members of the proposed Class because they purchased the same Washers and were exposed to the same uniform non-disclosures.

75.    The factual bases of Samsung's misconduct are common to the members of the Class and represent a common thread of fraudulent misconduct, deceptive trade practices, and breach of warranty resulting in injury to all proposed Class Members.  Plaintiffs are asserting the same rights, making the same claims, and seeking the same relief for themselves and all other members of the proposed Class.

**Adequacy:**

76.    Plaintiff is an adequate representative of the proposed Class because he is a member of the proposed Class and does not have interests that conflict with those of the proposed Class members he seeks to represent.

77.    Plaintiff is represented by experienced and able counsel who has litigated numerous class action lawsuits, and Plaintiff's counsel intends to prosecute this action vigorously for the benefit of the proposed Class.  Plaintiff and his counsel can fairly and adequately protect the interests of the members of the proposed Class.

**Superiority:**

78.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all Class members is not economically feasible and is procedurally impracticable.  While the aggregate damages sustained by the Class are in the millions of dollars, and are no less than five million dollars upon information and belief, the individual damages incurred by each Class member resulting from Samsung's wrongful conduct are too small to warrant the expense of individual suits.  The

likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all of the parties and to the court system because of multiple trials of the same factual and legal issues. Plaintiffs know of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. In addition, Samsung has acted or refused to act on grounds generally applicable to the Class and, as such, final injunctive relief or corresponding declaratory relief with regard to the members of the Class as a whole is appropriate.

## IX.    CLAIMS FOR RELIEF

### FIRST COUNT
### (Violations of New Jersey's Consumer Fraud Act, N.J.S.A. § 56:8-2, *et seq.*)

79.    Plaintiffs incorporate by reference the allegations contained in the preceding paragraphs of this Complaint.

80.    Plaintiffs and other members of the Class are "consumers" within the meaning of the CFA.

81.    The Washers are "goods" within the meaning of the CFA.

82.    At all relevant times material hereto, Samsung conducted trade and commerce in New Jersey and elsewhere within the meaning of the CFA.

83.    The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under other remedies.

84.    Samsung has engaged in deceptive, unconscionable, unfair, fraudulent and

24

misleading commercial practices in the marketing and sale of Washers it knew to be defective.

85. Samsung had exclusive knowledge of the Defects at the time of sale. The Defects are latent and not something that Plaintiffs or Class members could, in the exercise of reasonable diligence, have discovered independently prior to purchase.

86. Samsung represented that its goods, merchandise or services had characteristics, uses, benefits, or quantities that they did not have, and that its goods, merchandise and services were of a particular standard, quality or grade that they were not.

87. In its marketing and sale of the Washers, Samsung undertook active and ongoing steps to conceal the Defects and has consciously withheld material facts from Plaintiffs and other members of the Class with respect to the Defect in the Washers.

88. Plaintiffs are aware of nothing in Samsung's advertising, publicity, or marketing materials that discloses the truth about the Defects, despite Samsung's awareness, or reckless unawareness, of the problem.

89. Samsung's conduct was objectively deceptive and had the capacity to deceive reasonable consumers under the circumstances. The fact that defects in the Washers would cause the Washers to fail to spin and drain properly and not wash large items despite the claim that the washer has a "super capacity", fail to properly clean the clothes and in some instances damage the clothes, display frequent "error messages", produce frequent mildew smells within the washer and on the clothes that were just washed, have frequent instances of premature failure of the pump, the collection of "pot metal" in the hose, and the premature disintegration of the rubber inside the washer resulting in leaks and damage to clothing thereby rendering the Washers unable to perform an essential purpose before the end of their expected useful lives, was a material fact that a reasonable and/or unsophisticated consumer would attach importance to at the time of purchase. This fact would influence a reasonable consumers' choice of action during

the purchase of their washers.

90.     Samsung intended that Plaintiffs and the other members of the Class to rely on its acts of concealment and omissions by purchasing the Washers at full price rather than paying less for them or purchasing competitors' washers.

91.     Had Samsung disclosed all material information regarding the Defects to Plaintiffs and other members of the Class, they would not have purchased the Washers, or they would have paid less for them.

92.     Samsung's conduct had an impact on the public interest because the acts were part of a generalized course of conduct affecting numerous consumers.

93.     As a result of the foregoing acts, omissions, and practices, Plaintiffs and other members of the Class have suffered an ascertainable loss by purchasing defective washers that are unable to perform their essential function for their expected useful life. Plaintiffs have also incurred additional costs to repair and/or replace the Washers, and/or losses and damages from ruined clothes and leaks damaging the surface area around the Washers. Plaintiffs are entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees, and costs of suit.

94.     Application of the CFA to all Class members, regardless of their state of residence, is appropriate as described herein and because, *inter alia*, the facts and circumstances of this case reflect numerous contacts with the State of New Jersey so as to create a state interest in applying the CFA to Samsung, thereby making application of New Jersey law to the entire Class appropriate.

**SECOND COUNT**
**(Fraudulent Concealment/Nondisclosure)**

95.     Plaintiffs incorporate by reference the allegations contained in the preceding

paragraphs of this Complaint.

96.     Samsung knew or was reckless in not knowing at the time of sale that the Washers were defective in that they are substantially certain to fail well in advance of their anticipated useful life.

97.     Samsung fraudulently concealed from and/or intentionally failed to disclose to Plaintiffs, the Class, and all others in the chain of distribution the true defective nature of the Washers and that they routinely malfunctioned, rendering it unusable and inoperable.

98.     Samsung had exclusive knowledge of the Defects at the time of sale. The Defect is latent and not something that Plaintiffs or Class Members could, in the exercise of reasonable diligence, have discovered independently prior to purchase.

99.     Samsung had the capacity to, and did, deceive consumers into believing that they were purchasing washers that could be used safely and practically without causing damage.

100.    Samsung undertook active and ongoing steps to conceal the Defects because Samsung knew or should have known that it alone could alert consumers to the presence of the Defects, yet Samsung chose not to do so.

101.    Plaintiffs are aware of nothing in Samsung's advertising, publicity, or marketing materials that discloses the truth about the Defect, despite Samsung's awareness of the problem.

102.    The facts concealed and/or not disclosed by Samsung to Plaintiffs and the Class are material facts in that a reasonable person would have considered them important in deciding whether or not to purchase (or to pay the same price for) a washer.

103.    If the facts concealed and/or not disclosed by Samsung to Plaintiffs and the proposed Class had been disclosed to Plaintiffs, the Plaintiffs would not have purchased their washers or would only have purchased them for a reduced price.

104.    Samsung had a duty to disclose the fact that a defect existed at the time of sale by

virtue of the fact that consumers would reasonably expect disclosure of the Defects.

105.   Samsung had a duty to disclose the fact that the Washer Defects existed after sale, but before the Defects manifested, because consumers would reasonable expect disclosure of the Defects.

106.   Samsung intentionally concealed and/or failed to disclose the problems with the Washers for the purpose of inducing Plaintiffs and the Class to act thereon.

107.   Plaintiffs and the Class justifiably acted or relied upon the concealed and/or non-disclosed facts to their detriment, as evidenced by their purchase of the Washers.

108.   As a direct and proximate cause of Samsung's misconduct, Plaintiffs and Class Members have suffered actual damages in that they bought and own Washers that contain an inherent defect and that have prematurely failed or are substantially certain to prematurely fail within and outside applicable warranty periods, and they will be required to incur costs to repair and/or replace the defective components or the Washers as a whole.

109.   Samsung's conduct has been and is wanton and/or reckless and/or shows a reckless indifference to the interests of others.

110.   Samsung has acted with malice by engaging in conduct that was and is intended by Samsung to cause injury to the Plaintiffs and the Class.

111.   Samsung has committed fraud through its concealment of material facts known to Samsung with the intent to cause injury to the Plaintiffs and the Class.

112.   Plaintiffs, on behalf of themselves and all others similarly situated, demand judgment against Samsung for actual and punitive damages for themselves and each member of the Class, plus attorneys' fees for the establishment of a common fund, interest, and costs.

## THIRD COUNT
### (Breach of Implied Warranties)

113.    Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

114.    Samsung sold and promoted the Washers, which it placed into the stream of commerce. Defendant knew or had reason to know of the specific use for which the Washers were purchased, and it impliedly warranted that the Washers were of merchantable quality and fit for such use.

115.    Plaintiffs and Class members reasonably relied upon the expertise, skill, judgment, and knowledge of Defendant Samsung and upon its implied warranty that the Washers were of merchantable quality and fir for such use.

116.    Through the conduct alleged herein, Samsung has breached the implied warranty of fitness for a particular purpose. The defectively designed Washers were not fit for the particular purpose for which they were purchased by Class Members to perform. The Class Members purchased the Washers for a particular purpose of being able to thoroughly and efficiently clean clothes. Samsung knew that the Class Members were purchasing the Washers for this purpose and marketed the products for this particular purpose.

117.    Plaintiffs and Class Members relied on Defendant's misrepresentations by purchasing the Washers.

118.    Defendant knew or had reason to know that Plaintiffs and Class Members were influenced to purchase the Washers through Defendant's expertise, skill, judgment and knowledge in furnishing the products for their intended use.

119.    The Washers were not of merchantable quality and were not fit for their particular intended use because the design and/or manufacturing defects alleged herein which cause the Washers to fail to spin and drain properly and not wash large items despite the claim that the

washer has a "super capacity", fail to properly clean the clothes and in some instances damage the clothes, display frequent "error messages", produce frequent mildew smells within the washer and on the clothes that were just washed, have frequent instances of premature failure of the pump, the collection of "pot metal" in the hose, and the premature disintegration of the rubber inside the washer resulting in leaks and damage to clothing.

120. Defendant's actions, as complained of herein, breached their implied warranty that the Washers were of merchantable quality as fit for such use, in violation of the Uniform Commercial Code (UCC § 2-314 and § 2-3154) and the common law of this State, as well as the common law and statutory laws of the other states.

121. Plaintiffs and the Class Members have incurred damage as described herein as a direct and proximate result of the failure of Defendant to honor its implied warranty. In particular, Plaintiffs and Class Members would not have purchased the Products had they known the truth about their defects; nor would they have suffered the collateral effects and damages associated with these defects.

### FOURTH COUNT
### (Breach of Express Warranties)

122. Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

123. Defendant warranted that all of the Washers were free from defects in material or workmanship at a time when it knew that the Washers suffered from serious defects and nevertheless, continued to market and sell these Washers with this express warrant.

124. Defendant has breached its express warranties, as set forth above, by supplying the Washers in a condition which does not meet the warranty obligations undertaken by Samsung and by failing to repair or replace the defective Washers or defective parts.

125. Defendant has received sufficient and timely notice of the breaches of warranty alleged herein. Despite this notice and Samsung's knowledge, Samsung refuses to honor its warranty, even though it knows of the inherent defect in the Washers.

126. In addition, Samsung has received, upon information and belief, hundreds if not thousands of complaints and other notices from its customers nationwide advising it of the Defects complained of herein.

127. Plaintiffs have given Defendant a reasonable opportunity to cure its failures with respect to its warranties, and Defendant failed to do so.

128. Defendant has failed to provide Plaintiffs or the Class Members, as a warranty replacement, a product that conforms to the qualities and characteristics that Samsung expressly warranted when it sold the Washers to Plaintiffs and the Class.

129. As a result of Samsung's breach of warranty, Plaintiffs and the Class have suffered damage in the amount to be determined at trial.

## FIFTH COUNT
### (Negligent Misrepresentation)

130. Plaintiffs incorporate the above allegations by reference as if fully set forth herein.

131. Defendant Samsung made a series of misrepresentations and material omissions, as alleged herein, and including misrepresentations in its standard written warranty and otherwise that it would repair defective Washers. Defendant's statements were material, false, deceptive, and misleading and omitted material facts necessary to make the statements not misleading; such material misrepresentations and omissions were the result of the Defendant's negligence.

132. Defendant owed a duty to Plaintiffs and members of the proposed Class to

31

exercise reasonable care in making representations about the Washers.

133. Plaintiffs and the proposed Class Members relied (or should be presumed to have relied) on Defendant's material representations and omissions in purchasing the Washers. As a result of their justifiable reliance, Plaintiffs and members of the Class were induced to and did purchase the Washers. Plaintiffs' reliance and the Class Members' reliance were reasonably foreseeable by Defendant (and in fact, that is why the Defendant made the misrepresentations that it did).

134. As a direct and proximate result of the negligent misrepresentations made by Defendant, Plaintiffs and the Proposed Class Members have been damaged.

## X.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs on behalf of himself and the Class Members, pray for judgment against Samsung granting the following relief:

1. An order certifying this case as a class action and appointing Plaintiffs to represent the Class and Plaintiffs' counsel as Class counsel;

2. All recoverable compensatory and other damages sustained by Plaintiffs and the Class;

3. Restitution and disgorgement of all amounts obtained by Samsung as a result of its misconduct, together with interest thereon from the date of payment, to the victims of such violations;

4. Actual and/or statutory damages for injuries suffered by Plaintiffs and the Class in the maximum amount permitted by applicable law, including mandatory treble damages pursuant to the New Jersey Consumer Fraud Act;

5. An order (i) requiring Samsung to immediately cease its wrongful conduct as set forth above; (ii) enjoining Samsung from continuing to conceal material information and conduct

business via the unlawful, unfair and deceptive business act and practices complained of herein; and (iii) requiring Samsung to refund to Plaintiffs and all Class Members the funds necessary to repair or replace the Washers as appropriate and/or refund to Plaintiffs and all Class Members the funds paid to Samsung for the defective Washers;

      6.     Statutory pre-judgment and post-judgment interest on the Class damages;

      7.     Payment of reasonable attorneys' fees and costs as may be allowable under applicable law; and

      8.     Such other relief as the Court may deem just and proper.

## XI.    DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all causes of action so triable.

By:  /s/ Bruce H. Nagel
      BRUCE H. NAGEL
      Bruce H. Nagel
      Randee M. Matloff
      **NAGEL RICE, LLP**
      103 Eisenhower Parkway
      Roseland, New Jersey 07068
      973-618-0400
      bnagel@nagelrice.com
      rmatloff@nagelrice.com

      **MICHAEL S. KASANOFF**
      157 Broad Street, Suite 321
      P.O. Box 8175
      Red Bank, New Jersey 07701
      732-747-5348
      mkasanoff@att.net