| | |
|---|---|
| ROBERT N. DURSO, SUZANNE FAST, CATHIE COKE and DOUGLAS WALKER, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>    Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>    Defendant. | Civil Action No. 2:12-cv-5352 (DMC)(JAD) |
| JEANNE SPERA AND BETHANY MIZELL on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>    Defendant. | Civil Action No. 2:12-cv-5412 (DMC)(JAD) |
| CHAD AND JESSICA CHOWNING on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>SAMSUNG ELECTRONICS AMERICA,<br><br>    Defendant | Civil Action No. 2:12-cv-5440 (DMC)(MF)<br><br>OPINION |

DENNIS M. CAVANAUGH, U.S.D.J.

    This matter comes before the Court upon two motions to consolidate, filed in separate class actions, namely (i) cross-motion by plaintiffs Robert N. Durso, Suzanne Fast, Cathie Coke and Douglas Walker, individually and on behalf of all other persons similarly situated (the "Durso Plantiffs"), to consolidate and appoint interim class counsel in Durso, et al. v. Samsung Elecs. Am., Inc., Civ. A. No. 2:12-cv-5412 (DMC)(JAD) (the "Durso Class Action") (ECF No. 31); and (ii) motion by plaintiffs Jeanne Spera and Bethany Mizell, on behalf of themselves and all others similarly situated (the "Spera Plaintiffs") and plaintiffs Chad and

1

Jessica Chowning ("Chowning Plaintiffs"), to consolidate the Spera, et al. v Samsung Elecs. Am., Civ. A. No. 2:12-cv-5412 (the "Spera Class Action") and Chowning et al v. Samsung Electronics America, Civ. No. 2:12-cv-05440 (the "Chowning Class Action") and to appoint interim class counsel to both as a consolidated matter. (ECF No. 12, Civ. A. No. 2:12-cv-5412). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. In a separate opinion already issued, the Honorable Joseph A. Dickson denied the cross-motion to consolidate filed in the Durso Class Action and granted the motion to consolidate the Spera and Chowning Class Actions under the master caption In re: Samsung Front Loading Washer Mold Litigation. (Opinion, ECF No. 44, Civ. A. No. 2:12-cv-5412; ECF No.34, Civ. A. No. 2:12-cv-5412; ECF No. 28, Civ. A. No. 2:12-cv-5440). Upon consideration of the parties' submissions, and for the reasons stated below: (i) the Durso Plaintiffs' cross-motion to appoint interim counsel is **granted in part** as Nagel Rice is appointed as interim counsel for the Durso Class Action; and (ii) the Chowning and Spera Plaintiffs' motion to appoint interim counsel is **granted** and Carella Byrne, Seeger Weiss LLP, and Complex Litigation Group LLC are appointed to the newly consolidated In re: Samsung Front Loading Washer Mold Litigation, Civ. A. No. 2:12-cv-544.

I. **BACKGROUND**

Currently pending in this Court are three separate class actions that all involve claims concerning Samsung front-loading washing machines (the "Samsung Washers" or the "Washers"). (Br. Opp. Cross-Motion Consolidate 1, ECF No. 37, Civ. A. No. 2:12-cv-5352).

The Durso Class action was filed first, on August 24, 2012, alleging that the Samsung Washers contained many defects, from the Washer's inadequate cleaning of clothes to the premature failing of the Washers' pump. (Am. Compl. ¶ 2, ECF No. 12, Civ. A. No. 2:12-cv-5352). The Durso Plaintiffs asserted six causes of action against Samsung, including violation of

the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-2, et seq. (the "CFA"), violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Comm. Code § 17.41, et seq., fraudulent concealment, breach of implied warranties, breach of express warranties and negligent misrepresentation.

The Spera Class Action was filed next on August 28, 2012, alleging that the Samsung Washers had a single "inherent defect which causes them to develop mold and mildew" ("Mold Defect"). (Br. Opp. Cross-Motion Consolidate 1, ECF No. 37, Civ. A. No. 2:12-cv-5352). The Spera Plaintiffs asserted five causes of action against Samsung, including violation of the CFA, violation of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.010, et seq., breach of express warranty, breach of the implied warranty of merchantability and unjust enrichment.

The Chowning Class Action was the final action, filed on August 29, 2012, and is nearly identical to the Spera Class Action as it also only alleged the Mold Defect. The Chowning Plaintiffs asserted the same causes of action as the Spera Plaintiffs, except it made a claim under the Colorado Consumer Protection Act, Co. St. § 6-1-101, et seq., as opposed to the Missouri Merchandising Practices Act.

On December 7, 2012, counsel for the Durso Plaintiffs requested leave to file a motion to consolidate the Durso Class Action with the Spera and Chowning Class Actions. (12/7/2013 Letter, ECF No. 11, Civ. A. No. 2:12-cv-5352). The Spera and Chowning Plaintiffs then filed a motion to consolidate the Spera and Chowning Class Actions without including the Durso Class Action (Mot. Consolidate, ECF No. 12, Civ. A. No. 2:12-cv-5412), and, thereafter, the Durso Plaintiffs' filed a cross-motion to consolidate all three actions (Cross-Motion Consolidate, ECF No. 31, Civ. A. No. 2:12-cv-5352).

The Durso Plaintiffs sought the appointment of Nagel Rice LLP as interim counsel, while the Spera and Chowning Plaintiffs sought the appointment of Carella Byrne, Seeger Weiss LLP, and Complex Litigation Group LLC as interim co-counsel.

As stated above, the cross-motion to consolidate filed in the Durso Class Action was denied and the motion to consolidate filed in the Spera Class Action was granted in a separate opinion issued by the Honorable Joseph A. Dickson on July 24, 2013. This Court now considers the parties' respective applications for appointment of interim class counsel.

## II.   LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." FED. R. CIV. P. 23(g)(3).

"Although neither the federal rules nor the Advisory Committee Notes expressly so state, it appears to be generally accepted that the considerations set out in Rule 23(g)(1)(C), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification." In re Air Cargo Shipping Servs. Antitrust Litig., 240 F.R.D. 56, 57 (E.D.N.Y. 2006); Waudby v. Verizon Wireless Services, Inc., 248 F.R.D. 173, 175-76 (D.N.J. 2008) (finding that courts choosing interim class counsel can apply the same factors that apply in choosing class counsel at the time of certification of the class, i.e., the standards set forth in Rule 23(g)(1)).

The factors to be considered are: (i) [t]he work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

Bernhard v. TD Bank, N.A., Civ. No. 08-4392, 2009 U.S. Dist. LEXIS 92308, at *14 (D.N.J. Oct. 5, 2009) (citing FED. R. CIV. P. 23(g)(1)(A)). The Court must decide which candidate is best qualified, holding dispositive no single factor. FED. R. CIV. P. 23(g)(2)(B). The Court also has the discretion to appoint more than one firm to act as co-lead counsel. See, e.g., In re Air Cargo Shipping, 240 F.R.D. 56, 58-59 (E.D.N.Y. 2006) (appointing four law firms as co-lead counsel); Nowak v. Ford Motor Co., 240 F.R.D. 355 (E.D. Mich. 2006) (appointing two law firms as interim co-lead counsel).

In addition to the mandatory factors enumerated in Rule 23(g)(1)(A), "the Court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class and may, if it deems it necessary, direct the proposed class counsel to provide information on any subject pertinent to the appointment." In re Terazosin Hydrochloride, 220 F.R.D. 672, 701-02 (S.D. F;a. 2006); see FED. R. CIV. P. 23(g)(1)(C)(ii)-(iii).

The Third Circuit Task Force Report on Selection of Class Counsel set forth several additional considerations in choosing lead counsel, including: (1) whether counsel's client has the ability and motivation to monitor counsel's work for the class; (2) whether counsel represents a plaintiff with a significant economic stake in the litigation; (3) whether counsel has a good sense of what the case is about and what its value might be; (4) whether counsel has prosecuted the lawsuit to this point with greater energy and to better effect than other contestants by creating work product that will be useful in the future of the litigation; and (5) whether the court has previous experience with counsel that is relevant to counsel's likely performance in this action. Report: Third Circuit Task Force on Selection of Class Counsel, 208 F.R.D. 340, 419-20 (3d Cir. 2002).

## III. DISCUSSION

A.      **Durso** Interim Counsel

Nagel Rice meets the required factors set out in Rule 23(g)(1)(c) to support their appointment to interim counsel for the Durso action. First, Nagel Rice has worked to identify a number of potential claims regarding defects, such as the production of pot metal leaving black specks on clothes and clogging drains, problems with the spin cycle, including inadequate draining and shaking of the machine, defective gaskets and mildew and odor problems. (Br. Supp. Cross-Motion Consolidate 14, ECF No. 31-3, Civ. A. No. 2:12-cv-5352). Furthermore, Nagel Rice has investigated these claims by interviewing class members, researching the claims and engaging experts. (Id.). Second, counsel has experience handling class actions, having served as lead, co-counsel or in Executive Committee positions in numerous State and Federal class actions, and has experience in complex litigation. (Id. at 15). Third, Nagel Rice has experience with the applicable law relating to defective consumer products, consumer fraud and breach of warranty. (Id.). Fourth, counsel at Nagel Rice has the resources to staff and finance this action and has already spent significant time and energy in pursuing these claims.

Two of the factors laid out by the Third Circuit Task Force Report also weigh in favor of appointing Nagel Rice as interim counsel. First, counsel's clients have been very involved in the litigation, with Robert Durso's personal attorney actively participating in the case. (Id. at 21). Second, counsel's experience in class action litigation qualifies them to evaluate the worth and risks involved in pursuing this case. (Id.). Based on these considerations and the Rule 23(g)(1)(c) factors, this Court will appoint the Nagel Rice as interim counsel for the Durso Class Action.

B.      **Spera** and **Chowning** Interim Counsel

The proposed lead counsel for the newly consolidated <u>In re: Samsung Front Loading Washer Mold Litigation</u> of Carella Byrne, Seeger Weiss LLP, and Complex Litigation Group LLC, ("Mold Litigation Proposed Lead Counsel") meet the required factors set out in Rule 23(g)(1)(c). First, Mold Litigation Proposed Lead Counsel filed detailed and comprehensive complaints specifically regarding the claimed Mold Problems caused by alleged design defects in the Samsung Washers. (Br. Supp. Mot. Consolidate 11, ECF No. 12-1, Civ. A. No. 2:12-cv-5412). Second, lawyers at each of proposed counsel's firms have served or currently serve as counsel in approximately one dozen consumer class actions in this district, including three consumer class actions involving front loading washing machines with design defects that promote mold, mildew, and biofilm. (Id. at 12). Third, based on Mold Litigation Proposed Lead Counsel's aforementioned experience with consumer class actions, they have the requisite knowledge on the applicable law. Fourth, counsel has the necessary resources to commit to the class, as Carella Byrne's attorneys perform hourly paid legal work that helps fund its advancement of class action claims, Seeger Weiss has already assembled a team of attorneys to work on this litigation and Complex Litigation Group also possesses the resources to properly staff the case. (Id. at 14-15).

Two of the Third Circuit Task Force Report factors also weigh in favor of appointing proposed lead counsel. First, counsel has comparable experience with front loading washing machine litigation and has familiarity with the many issues presented by that manner of litigation. (Id. at 16). Second, counsel has already retained experts and spent significant time and expense investigating and researching the claims. (Id. at 16-17).

Nagel Rice objected to naming Complex Litigation Group as interim co-lead counsel, citing the alleged professional and personal issues of Complex Litigation Group attorney Paul

7

Weiss' and a fee dispute between Mr. Weiss and Mr. Durso. (Br. Supp. Cross-Motion Consolidate 14, ECF No. 31-3, Civ. A. No. 2:12-cv-5352). However, since Mr. Weiss is not a counsel of record in this case, the fee dispute concerns an unrelated case, and Complex Litigation Group has satisfied the requirements for appointment as interim counsel. (Br. Opp. Cross-Motion Consolidate, 10, ECF No. 25, Civ. A. No. 2:12-cv-5412).

Based on the Rule 23(g)(1)(c) and Third Circuit Task Force factors, this Court finds will appoint proposed class counsel as interim co-counsel for the consolidated Spera and Chowning Class Actions, In re: Samsung Front Loading Washer Mold Litigation.

## IV. CONCLUSION

For the reasons set forth above, the Durso Plaintiffs' cross-motion to appoint interim counsel (ECF No. 31, Civ. A. No. 2:12-cv-5352) is **granted in part** as Nagel Rice is appointed as interim counsel for the Durso Class Action; and (ii) the Chowning and Spera Plaintiffs' motion to appoint interim counsel (ECF No. 12, Civ. A. No. 2:12-cv-5412) is **granted** and Carella Byrne, Seeger Weiss LLP, and Complex Litigation Group LLC are appointed to the newly consolidated In re: Samsung Front Loading Washer Mold Litigation, Civ. A. No. 2:12-cv-544.

Aug 5, 2013

DENNIS M. CAVANAUGH, U.S.D.J.

cc: Hon. Joseph A. Dickson
Hon. Mark Falk
Counsel of Record
File

8